Bret D. Lewis, Esq. [SBN 166819]
12304 Santa Monica Blvd., Ste 107A
Los Angeles, CA 90025
Tel (310) 207-0696
Fax (310) 362-8424
Email: Bretlewis@aol.com

Attorney for Plaintiff
Delmar Arnaud

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Delmar Arnaud, an individual; | ) Case No.: |
| | ) |
| Plaintiff, | ) COMPLAINT FOR: |
| | ) |
| vs. | ) 1) Money Had and Received |
| | ) 2) Conversion |
| BMG Rights Management US, LLC, a Delaware corporation; Does 1-25, inclusive. | ) 3) Unfair Business Practices |
| | ) 4) Declaratory Relief |
| | ) |
| | ) |
| Defendants. | ) DEMAND FOR JURY TRIAL |
| | ) |
| | ) |

Plaintiff Delmar Arnaud ("Arnaud" or "Plaintiff) allege as follows:

## PARTIES

1.  Plaintiff Delmar Arnaud is a resident of the State of California County of Los Angeles, and at all material times hereunder has been a resident of the State of California.

2.  Defendant BMG Rights Management US, LLC ("Defendant" or "BMG") is a limited liability company established under the laws of the State of Delaware. BMG is

1

also qualified to do business as a foreign corporation in the State of California and doing business in the State of California and the county of Los Angeles, CA.

## JURISDICTION AND VENUE

3. Jurisdiction in this Court is premised on diversity of citizenship, 28 USC§ 1332(a)(1), plaintiff Arnaud being diverse from all defendants and the amount in controversy exceeding $75,000.00, exclusive of interest and costs.

4. Venue is proper in this District under 28 USC § 1391(b) because a substantial part of events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL STATEMENT

5. Arnaud is a singer, songwriter and producer originally who originally gained notoriety as a member of the musical recording group Tha Dogg Pound under contract to Death Row Records.

6. BMG is a worldwide music entertainment conglomerate that administers the Death Row catalog of music and records. As such, Plaintiff is informed and believes, that BMG collects all income from the exploitation of the Death Row Catalog and administers the monies so collected by disbursing a portion of such monies so collected to the multitude of artists, producers, and songwriters who have contributed to the songs or records that are part of the Death Row Catalog as royalties. Such royalties are payable on a quarterly basis (i.e. 4x per year) in respect of each three month calendar quarter ending March 31, June 30, September 30, and December 31.

7. BMG has assigned a payee account number 673420 to Arnaud's royalties in respect of his accounts and companies he owns, controls and/or is the successor in interest thereto, including Dazamataz, Inc. and Felder Entertainment, Inc., which BMG identifies on each of its statements to Arnaud and his companies. Further, Arnaud is the assignee of all rights in Dazamataz, Inc. and Felder Entertainment, Inc. and/or the successor-in-interest thereto and beneficial owner thereof and real party in interest.

8. BMG has been consistently rendering detailed statements on a quarterly basis as aforesaid to Arnaud and his companies in respect of his royalties from the Death Row catalog of music and records since as early as 2011 in respect of payee account number: 673420. (Prior thereto, BMG's predecessor administrator sent statements from as early as on or around 2006.) The detail of each statement is set forth on BMG's proprietary website entitled www.mybmg.com.

9. Notwithstanding the delivery of such statements, BMG has failed to make payments to Arnaud or his companies in respect of the periods ending June 30, 2015, September 30, 2015 and December 31, 2016. The amount of royalties owed is in excess of $75,000.

10. Plaintiff has demanded that Defendant (and all Does) provide such monies to Arnaud but Defendant (and each Does) has refused, notwithstanding the fact that BMG's own accounting statements to Arnaud indicate the money is owed and due.

### First Claim – Money Had and Received
### (Against Defendant BMG and all Does)

11. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10 as though fully set forth herein.

12. Defendant (and all Does) received money that belonged to Plaintiff and was intended to be paid to Plaintiff which in equity and good conscience should be paid over to the Plaintiff.

13. Plaintiff is informed and believes that the amount of money so collected is over $75,000 and thus, Defendant (and all Does) became indebted to Plaintiff in the sum of $75,000 for money had and received by said Defendant (and all Does) for the use and benefit of Plaintiff.

14. Plaintiff is entitled to a judgment of an amount of $75,000, plus interest at the legal rate, subject to proof at trial.

### Second Claim – Conversion
### (Against Defendant and all Does)

15. Plaintiff realleges and incorporates by reference Paragraphs 1 through 10 as though fully set forth herein.

16. Defendant (and all Does) wrongfully exercised dominion over the royalties estimated to be a least $75,000 as a result thereof which was the property of Plaintiff.

17. Defendant's (and all Does) conversion was wrongful due to the fact that Defendant has been consistently sending statements to Arnaud acknowledging the sums that are due him without making payment therefor.

18. Plaintiff has been damaged in the amount of $75,000 and costs, plus the legal rate of interest, according to proof at trial.

19. Defendant's conduct (and that of all Does) described herein was done with a conscious disregard of Plaintiff's rights and with the intent to vex, injure or annoy Plaintiff, such as to constitute oppression, fraud or malice under California Civil Code Section 3294, entitling Plaintiff to punitive damages which should be an amount appropriate to punish or set an example of Defendant and all Does.

## Fourth Claim—Unfair Business Practices

### (Against Defendant and all Does)

20. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 10 as though fully set forth herein.

21. The acts of Defendant and all Does as set forth above constitute unfair and fraudulent business acts and practices in violation of California Business & Professions Code Section 17200 et seq.

22. By reason of these unfair and fraudulent business acts and practices on the part of Defendant and all Does, Defendant and all Does have wrongfully deprived Plaintiffs of the royalties, as well as the interest and fees due thereon and expected thereunder.

23. Plaintiff is entitled to restitution of $75,000 plus damages to be proven at trial.

## Fourth Claim– Declaratory Relief

**(Against Defendant and all Does)**

24. Plaintiffs realleges and incorporates by reference Paragraphs 1 through 10 as though fully set forth herein.

25. Plaintiffs are entitled to the royalties from the exploitation of the Death Row Catalog estimated to be at over $75,000, according to proof at trial.

26. California *Code of Civil Procedure* §1060 provides:

> "Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract. He or she may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of these rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect, and the declaration shall have the force of a final judgment. The declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought."

27. Plaintiffs are entitled to the right to seek a determination of Plaintiff's rights to royalties being held by BMG.

28. An actual controversy has arisen and now exists between Plaintiff and Defendant and all Does concerning their respective rights and duties.

29. Plaintiff desires a judicial determination of their rights and duties, and any further rights pertaining to royalties payable in the future or as of now yet due or addressed in any statement to Arnaud.

30. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties and any enforcement thereto.

**PRAYER**

**WHEREFORE**, Plaintiffs pray judgment against Defendant, and each of them as follows:

1. On the First Claim: A minimum of $75,000, plus interest at the legal rate in an amount according to proof at the time of trial;

2. On the Second Claim: The imposition of constructive trust, accounting, restitution, estimated to be at least $75,000, interest at legal rate, plus punitive damages under Cal. Civ. Code Section 3294, according to proof at trial;

3. On the Third Claim: at least $75,000, plus interest at legal rate, according to proof at trial;

5. On the Fourth Claim: For an order declaring and adjudicating Plaintiff's rights to royalties from BMG and payment of royalties on the amount of as least $75,000;

6. On All Claims:

   a. Pre-judgment and post-judgment interest at the legal rate according to proof;

   b. Costs of suit;

   c. Such further relief as the Court deems proper.

Dated: April 15, 2016

/S/ Bret D. Lewis
Bret D. Lewis, Esq.
Attorney for Plaintiff

DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial in this action.

Dated: April 18, 2016

/S/ Bret D. Lewis
Bret D. Lewis, Esq.
Attorney for Plaintiff